UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOE ED STACKHOUSE,

        Plaintiff,                        Case No. 1:07-cv-653

v.                                               Honorable Janet T. Neff

LORI PEAKE et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.       Factual Allegations

Plaintiff is currently incarcerated in the Chippewa Correctional Facility, but the events giving rise to his complaint occurred while he was incarcerated in the E.C. Brooks Correctional Facility (ECF). In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Patricia Caruso and the following ECF employees: Warden Mary Berghuis, School Principal Lori Peake and Grievance Coordinator J. Minnerick.

Plaintiff makes the following factual allegations in his complaint (verbatim):

    L. Peake, On 11-21-06, violate Stackhouse #202112 due process MICH. DEP'T. OF CORR., Policy Directive 05.01.100 on unemployable prisoner by failure to review the assignment waiver form CSJ-126. Also denied Stackhouse #202112 use of law library on MICH. DEP'T. OF CORR., Policy Directive 05.01.100 Policy and denied me indigent loan for 12 months, stop me from taking care of personal hygiene. Aslo [sic] refusing me photo-copies to be made for my documents.

    Director MDOC Patricia L. Caruso, on 5-1-07 denied Stackhouse #202112 and request for declaratory ruling to Administrative R 791.1115.

    Warden Mary K. Berghuis, on 1-12-07, failure to response on Step II grievance within 15 business days. Date 6-20-07 Warden Berghuis responded stating grievance resolved, nothing have been resolved . . .

    Grievance Coordinator J. Minnerick, on 2-9-07, he retaliating against Stackhouse #202112 for raising and filing complaints against these employee at LRF by placing me on Modified Access Status for 90 days also failure to send Stackhouse #202112 valid grievance to file on employees at LRF.

    ADW Deplanio[1], on November 23, 2006, failure to investigate why Stackhouse 202112 Due Process were violate. Also why Stackhouse was reclassified twice. On 10-9-06 Stackhouse #202112 was placed on GED pool. On 11-21-06 Stackhouse was Double "O." Also refused me indigent loan for 12 month. From 8-14-06 to 11-23-06 to Double O Stackhouse #202112.

---

[1] Plaintiff did not list ADW Deplanio as a Defendant in the complaint. Nevertheless, the Court will consider Plaintiff's claims against Deplanio.

(Compl., 2-3, docket #1.) For relief, Plaintiff seeks damages of $50,000,000.00 from each of the named Defendants.

II.     Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Defendant Peake**

Plaintiff's allegations are somewhat difficult to follow, but he appears to allege that his due process rights were violated when he was re-classified from a school assignment to unemployable status, sometimes referred to by prisoners as "OO" or Double "O" status. Under MDOC policy, all prisoners must be classified to a school or work assignment unless they are deemed "unemployable." MICH. DEP'T. OF CORR., Policy Directive 05.01.100 (eff. Jan. 1, 2001) (Prisoner Program Classification). Prisoners on unemployable status may not participate in any more leisure time activities than prisoners who work full time. *Id.* at ¶ AA. As a result, prisoners on unemployable status typically are confined to their cells during regular work hours. The policy provides that before being reclassified as unemployable, appropriate staff shall ensure the prisoner understands the consequences of that action by reviewing the Assignment Waiver Form (CSJ-126)

with the prisoner and, as appropriate, witness the prisoner's signature, or refusal to provide a signature, on the form. *Id.* at ¶ Z. Plaintiff claims that Defendant Peake failed to review the Assignment Waiver Form with him.

Defendants Peake's alleged failure to comply with MDOC policy does not itself rise to the level of a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Moreover, Plaintiff does not have a federally cognizable liberty interest in participating in educational programs while in prison. *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational or educational programs"). To determine whether Plaintiff's placement on unemployable status involves the deprivation of a liberty interest protected by the due process clause, the Court must determine if it imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

The Sixth Circuit repeatedly has found that confinement to administrative segregation, which is considerably more restrictive than unemployable status, does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker*, 155 F.3d 910, 812-13 (6th Cir. 1998) (two years of segregation while inmate was investigated for murder of prison guard in riot); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91

(6th Cir. 1995) (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery). Likewise, the Sixth Circuit has held that a prisoner's confinement to his cell on weekdays while other prisoners work or attend school does not constitute an atypical or significant hardship. *See Ingram v. Harry*, 97 F. App'x 20, 21 (6th Cir. 2004). Accordingly, Plaintiff was not entitled to due process before being placed on unemployable status.

Plaintiff further claims that Defendant Peake denied him access to the law library and refused to make photocopies for him. Plaintiff's allegations implicate his First Amendment right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). Plaintiff does not allege that he suffered any injury as a result of the alleged denial of law library access and photocopies. Accordingly, Plaintiff fails to state a First Amendment claim.

Plaintiff also contends that Defendant Peake denied him an indigent loan for twelve months, which prevented him from purchasing personal hygiene products. As the school principal, Peake unlikely made decisions regarding indigent loans; nevertheless, the Court will address Plaintiff's claim. Plaintiff's claim implicates his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment prohibits deliberate indifference to the needs of prisoners, including the basic elements of hygiene. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986). Plaintiff does not allege, however, that he was denied the basic elements of hygiene. Because Plaintiff fails to allege that he was deprived of the "minimal civilized measure of life's necessities," he fails to state an Eighth Amendment claim. *See Brown v. Brown*, 46 F. App'x 324, 325-26 (6th Cir. Sept. 16, 2002) (any inconvenience prisoner suffered due to his inability to purchase personal hygiene and toiletry items for several months because of unlawful hold on his account did not demonstrate a condition of confinement that fell beneath the minimal civilized measure of life's necessities); *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. Mar. 26, 2002) (prisoner who was denied indigent status because he dropped the computer class failed to state an Eighth Amendment claim arising from his inability to purchase personal hygiene products).

### B. Defendant Caruso

Plaintiff contends that Defendant Caruso denied his request for a declaratory ruling pursuant to Administrative Rule 791.1115. Under Michigan law, an interested person can request a declaratory ruling from a state agency. The law states:

> On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency. An agency shall prescribe by rule the form for such a request and procedure for its submission, consideration and disposition. A declaratory ruling is binding on the agency and the person requesting it unless it is

>altered or set aside by any court. An agency may not retroactively change a declaratory ruling, but nothing in this subsection prevents an agency from prospectively changing a declaratory ruling. A declaratory ruling is subject to judicial review in the same manner as an agency final decision or order in a contested case.

MICH. COMP. LAWS § 24.263. Under MICH. ADMIN. R. 791.1115, such a request shall be considered denied if there is no reply within thirty days after the request is made. Plaintiff does not explain the nature of his request for a declaratory ruling or how the denial of his request violated his federal rights. As discussed above, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). A state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). Plaintiff, therefore, fails to state a claim against Defendant Caruso.

### C. Defendant Berghuis

Plaintiff claims that Defendant Berghuis failed to respond to a Step II grievance within 15 business days as required by MDOC policy. In addition, he alleges that Warden Berghuis responded stating grievance resolved when, in his opinion, nothing had been resolved. Plaintiff fails to state a claim because he as no due process right to file a prison grievance. The Sixth Circuit and other federal circuit courts have held that there is no constitutional right to access an institutional grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Young v. Gundy*, No. 01-2111, 2002 WL 373740, at *2 (6th Cir. Mar. 7, 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754,

1996 WL 253868, at *1 (6th Cir. May 13, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994); *McGee v. Grant*, No. 88-1842, 1988 WL 131414, at *1 (6th Cir. Dec. 9, 1988); *Mahammad v. Serett*, No. 88-5396, 1988 WL 113996, at *1 (6th Cir. Oct. 24, 1988). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn*, 1994 WL 105907, at *1. Because Plaintiff has no liberty interest in the grievance process, Defendants Berghuis' conduct did not deprive him of due process.

### D.     Defendant Minnerick

Plaintiff alleges that Defendant Minnerick retaliated against him for filing grievances by placing him on "modified access" status for ninety days. Under MDOC policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ II. (eff. Apr. 28, 2003). The modified access period is ninety days and may be extended an additional thirty days for each time the prisoner continues to file a prohibited type of grievance. *Id.* While on modified access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ LL.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff satisfies the first prong because the filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *See Bell v. Johnson*, 308 F.3d 594 (6th Cir. Oct. 17, 2002)*; Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Plaintiff, however, cannot satisfy the second requirement because placement on modified access would not deter a person of ordinary firmness from filing grievances or bringing civil rights action in federal court. *See Kennedy v. Tallio*, No. 01-1386, 2001 WL 1176400, at *1 (6th Cir. Sept. 26, 2001); *Corsetti v. McGinnis*, No. 00-1409, 2001 WL 1298830, at *2 (6th Cir. Aug. 7, 2001). Modified access does not deny a Michigan prisoner the ability to seek redress for meritorious grievances. *See Corsetti*, 2001 WL 1298830, at *2. While on modified access, a prisoner is not barred from filing grievances; rather, a prisoner is merely required to obtain permission from the grievance coordinator before filing a non-frivolous grievance that otherwise conforms to the requirements of the grievance policy. *Id.* (citing *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *2 (6th Cir. Feb. 1, 1996)); *see also Walker v. Mich. Dep't of Corr.,* No. 04-1347, 2005 WL 742743, at *3-4 (6th Cir. Apr. 1, 2005) ("Here, an ordinary person of reasonable firmness would not be deterred from filing legitimate grievances by a policy that merely provided that a grievance officer would screen frivolous grievances."). Similarly, Plaintiff's modified access status does not prevent him from filing an action in federal court. Therefore, Plaintiff fails to state a claim for retaliation.

### E.     ADW Deplanio

Plaintiff's claims against Defendant Deplanio are particularly difficult to discern, but Plaintiff appears to complain that Deplanio failed to investigate why Plaintiff was reclassified to unemployable status. Plaintiff also contends that Deplanio refused him an indigent loan for twelve

months. As discussed above, Plaintiff does not have a liberty interest in his placement on unemployable status; therefore, he fails to state a claim against Defendant Deplanio concerning his reclassification. I also concluded above that Plaintiff fails to state a claim under the Eighth Amendment arising from the alleged failure to provide him with an indigent loan for a period of twelve months.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley
 TIMOTHY P. GREELEY
 UNITED STATES MAGISTRATE JUDGE

Dated: September 20, 2007

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).